United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34374 |
| COUNTY INVESTMENT L.P. | § | |
| and | § | |
| 2017 PARTNERS, LLC, | § | |
| Debtors. | § | Jointly Administered |
| | § | CHAPTER 11 |

### ORDER CONFIRMING PLAN OF REORGANIZATION

On February 20, 2024, the Court held a hearing to consider the confirmation of the Amended Plan of Reorganization for Small Business Under Chapter 11, dated February 16, 2024 (the "Plan") (ECF no. 136). After hearing comments from Debtors' counsel, the Subchapter V Trustee, and counsel for the U.S. Trustee and others making an appearance, the Court finds that the Order and Notice Fixing Time for Filing Objections to Confirmation of Plan; and Fixing Time for Hearing on Confirmation of Plan (ECF no. 87), the Plan of Reorganization for Small Business under Chapter 11, Dated January 17, 2024 (ECF no. 84), and ballots for accepting or rejecting the proposed Plan were mailed to all creditors and interest holders on January 22, 2024 (ECF no. 90). The amendments made in the Plan do not alter the treatment of any impaired classes and to not adversely affect any of the financial projections made in the Plan that was mailed to the creditors and interest holders.

The Court finds that the Plan is a nonconsensual plan under 11 U.S.C. § 1191(b) because of:

1. Findings made by the Court in its Order of February 14, 2024 (ECF no. 129).

2. The objection to confirmation made by O'Connor Weschler, PLLC (ECF no. 130).

The Court makes the following findings of fact as to the factors that must be considered for confirmation of a nonconsensual plan:

1. The Plan complies with all of the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

2. The Debtor, as Plan Proponent, has complied with all of the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).

3. The Plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). Through the January 25, 2024 auction of the 0 Northpoint property, the 100 Northpoint property, and the 2017 Partners tracts, the net proceeds to be raised are estimated to be sufficient to pay all of the secured claims against the Debtor, to bring current and reinstate the Wells Fargo mortgage loans, to pay all unsecured priority claims, and to leave a reserve for future administrative claims that might be ordered. Thus, the Court finds the Plan is feasible.

4. The payments to be made by the Debtor for services or costs and expenses in connection with this case or in connection with the Plan and incident to this case have been approved by the Court or are subject to the approval of the Court. 11 U.S.C. § 1129(a)(4).

5. Post confirmation management of the Debtor set forth in the Plan is consistent with the interests of creditors, equity security holders, and public policy. 11 U.S.C. § 1129(a)(5).

6. The provisions of 11 U.S.C. § 1129(a)(6) are inapplicable to this case because the Debtor is not subject to the type of regulation described therein.

7. With respect to each impaired class of claims or interests, each holder of an allowed claim or interest has either: (a) accepted the Plan, or (b) will receive or retain under the plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 on such date. 11 U.S.C. § 1129(a)(7). Here, the Court finds holders of allowed claims and interests in Classes 1, 2, and 5 will be paid in full at the Effective Date. Holders of claims and interests in Classes 3 and 4 will have their loans brought current and reinstated.

8. The provisions of 11 U.S.C. § 1129(a)(8) are inapplicable in the case of a nonconsensual plan. Nonetheless, the Court finds holders of claims in Classes 1, 2, 3, 4, and 5 are not impaired.

9. Holders of claims for administrative expenses under 11 U.S.C. § 507(a)(2) will be paid in full at the Effective Date, and holders of claims for professional fees and expenses have agreed to be paid upon approval of their respective fee applications. Any holders of priority claims under 11 U.S.C. §§ 507(a)(1), 507(a)(4)–507(a)(8) will be paid in full at the Effective Date.

10. The provisions of 11 U.S.C. § 1129(a)(10) are inapplicable in the case of a nonconsensual plan.

11. Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor. 11 U.S.C. § 1129(a)(11).

12. While fees under 28 U.S.C. § 1930 are not paid by Debtors under Subchapter V, the Plan provides for the prompt payment of any such fees that may come due before the administrative closing of this case. 11 U.S.C. § 1129(a)(12).

13. The provisions of 11 U.S.C. § 1129(a)(13) are inapplicable to this case because the Debtor neither provided nor had the obligation to provide retiree benefits, as defined in 11 U.S.C. § 1114, form the 181st day prior to the filing of the Voluntary Petition to the present date.

14. The provisions of 11 U.S.C. § 1129(a)(14) are inapplicable to this case because the Debtor is not an individual.

15. The provisions of 11 U.S.C. § 1129(a)(15) are inapplicable to this case because the Debtor is not an individual.

16. The transfers of property described in the Plan comply with all applicable provisions of non-bankruptcy law. 11 U.S.C. § 1129(a)(16).

17. The Plan does not discriminate unfairly and is fair and equitable to all holders of allowed claims in impaired classes who have not accepted the Plan. Specifically –

    a. As to the secured claims of the Ad Valorem Taxing Authorities, and the secured creditors in Classes 2, 3, and 4, each creditor: (i) retains their liens securing their claims until their claims are paid in full with all contractually allowed interest, attorneys' fees, and other charges, and (ii) each secured

      creditor will receive total payments equivalent to their interests in the property;

b. To the extent necessary, all projected disposable income of the reorganized debtor to be received during the next 36 months will be applied to make payments to all creditors and interest holders in Classes 1 through 6.

c. Property to be distributed under the Plan during the next 36 months is not less than the projected disposable income of the reorganized debtor;

d. The Debtor will be able to make all payments required under the Plan, and there is a reasonable likelihood that the Debtor will be able to make all payments under the plan; and

e. The Plan provides adequate remedies to protect holders of claims and interests in the event payments are not made.

The Court further finds the following as to Debtor, 2017 Partners, LLC:

1. Through the December 29, 2023 sale of the Huffmeister Shopping Center, all secured claims of Texas Capital Loans were paid in full. As a result, Texas Capital Loans released its lien on the real property owned by 2017 Partners.

2. The real property owned by 2017 Partners, was auctioned on January 25, 2024, and the winning bidder and Debtor has signed an earnest money contract to finalize the sale of the property which is expected to close on February 27, 2024.

3. After the February 27, 2024 closing, 2017 Partners will be left with no assets other than cash received from the said closing. There are no creditors entitled to the cash. The only parties with an interest in the cash are the interest holders—members—of 2017 Partners: (a) County Investment LP owning a 59.34% interest; (b) the Estate of Mejdi Tehrani, Deceased, owning a 24% interest; and (c) Alex and Michelle Bastanjoo, owning a 16.66% interest.

4. There is no bankruptcy purpose for this Court to supervise the winding down of 2017 Partners.

      IT IS THEREFORE ORDERED THAT the Amended Plan of Reorganization for Small Business Under Chapter 11, dated February 16, 2024 ("the Plan" or "the Confirmed Plan") (ECF no. 136) is CONFIRMED, except as otherwise modified by this Order.

**IT IS FURTHER ORDERED THAT County Investment LP—including any party acting in concert with County Investment LP (including, for the removal of doubt, any attorney acting or purporting to be acting for Debtor)—is hereby permanently enjoined from** filing within the State of Texas any lawsuit, civil action, adversary proceeding, or administrative proceeding against any of the following individuals and entities: (a) Annie Catmull, (b) Kathleen O'Connor, (c) O'ConnorWechsler PLLC, (d) Harris County Texas Judge Kristin Hawkins, (e) W. Marc Schwartz, (f) Schwartz & Associates, (g) Robert Miller, (h) Royal West Investments Series E, (i) Shawn Shabazi, (j) Tom Howley (or any law firm affiliated with Tom Howley), the Subchapter V Trustee, (k) Brendan Singh (or any law firm affiliated with Brendan Singh), (*l*) the Office of the U.S. Trustee, (m) any employees of the Office of the U.S. Trustee, (n) any federal judge, (o) state judge, (p) any bankruptcy judge, (q) any employee of any judge, (r) the District Clerk's office for the Southern District of Texas, (s) any employee of the District Clerk's Office for the Southern District of Texas, (t) Leonard Simon (or any law firm affiliated with Lenoard Simon), and (t) William Haddock (or any law firm affiliated with William Haddock) (collectively, the "*Protected Parties*") without first coming to the Bankruptcy Judge presiding over these bankruptcy cases jointly administered under case no. 23-34374 and obtaining prior written permission from the Bankruptcy Judge after a demonstration to the Bankruptcy Judge that the claim is neither frivolous, harassing, vexatious, nor being pursued for a bad faith purpose.

**IT IS FURTHER ORDERED THAT Masood Danesh Pajooh, acting either *pro se* or through counsel, in his individual capacity, or as Manager of Debtor's General Partner, U.S. Capital Investments, LLC and any party acting in concert with Masood Danesh Pajooh is hereby permanently enjoined from** filing within the State of Texas any lawsuit, civil action, adversary proceeding, or administrative proceeding against any of the Protected Parties without

first coming to the Bankruptcy Judge presiding over these bankruptcy cases jointly administered under case no. 23-34374 and obtaining *prior written permission from the Bankruptcy Judge* after a demonstration to the Bankruptcy Judge that the claim is neither frivolous, harassing, vexation, nor being pursued for a bad faith purpose.

Notwithstanding anything to the contrary in the plan, in any plan document, or in this Order, nothing in the plan, in any plan document, or in this Order in any manner alters or diminishes the rights of the settling parties (including, without limitation, Annie Catmull, Kathleen O'Connor, O'ConnorWechsler PLLC, and all individuals or entities released) set forth in the settlement agreement approved by Judge Lopez and incorporated into the confirmed plan in the jointly administered cases under number 21-32932. The Debtor and CRO shall set aside $45,000 to cover the OWPLLC Parties' pending administrative claim, if granted.

IT IS FURTHER ORDERED THAT notwithstanding any provision of this Order Confirming Plan of Reorganization or the Amended Plan of Reorganization for Small Business Under Chapter 11 dated February 16, 2024 to the contrary, the claim of Bank of America, N.A., which is secured by a lien on a 2015 Lexus LX 570, VIN # JTJHY7AX5F4164830 (hereinafter the "Vehicle"), shall remain governed by the terms and conditions set forth in the confirmed plan in Case # 21-32932, See Docket #204 (hereinafter the "2021 Plan"). This Order Confirming Plan of Reorganization and the Amended Plan of Reorganization for Small Business Under Chapter 11 dated February 16, 2024, shall not be construed to alter, modify or impair Bank of America, N.A.'s rights under the 2021 Plan.

IT IS FURTHER ORDERED THAT in the event Wells Fargo Bank, N.A., the class 3 Claimant under the Plan, does not receive by the Effective Date either paymnet in full of its claim or an amount needed to cure the past due payments on this obligation, Wells Fargo Bank, N.A.

shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor County Investments, L.P. and Counsel for Debtor, and allow Debtors 30 days from the date of such written notice to cure such delinquent payments or pay the claim in full. In the event Debtor fail to cure such delinquent payments within such 30-day period, Wells Fargo Bank, N.A. shall be allowed to take any, and all, steps necessary to exercise any and all rights it may have pursuant to the Note and Deed of Trust or under the laws of the State of Texas in the Collateral described above. In the event Debtor cures the delinquency on or before the Effective Date or cures the delinquency within the 30 day period from the date the default notice letter is sent, then as to any future monthly installment payments that the Debtor fails to pay, Wells Fargo Bank, N.A. shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor County Investments, L.P. and Counsel for Debtor, and allow Debtors 30 days from the date of such written notice to cure such delinquency. In the event Debtor fail to cure such delinquent payments within such 30-day period, Wells Fargo Bank, N.A. shall be allowed to take any, and all, steps necessary to exercise any and all rights it may have pursuant to the Note and Deed of Trust or under the laws of the State of Texas in the Collateral described above.

*Plan Support Agreements*

IT IS FURTHER ORDERED THAT confirmation of the Plan as to County Investment LP does not affect Debtor, 2017 Partners, LLC (No. 23-34375, EIN x2699). As to 2017 Partners, the Court will hold a status conference on March 26, 2024 at 1:30 p.m. to determine whether that case should be dismissed or converted to Chapter 7. The Court may cancel that status conference if 2017 Partners, LLC files a motion to dismiss, motion to convert, or motion to close the case prior to that date.

IT IS FURTHER ORDERED THAT 2017 Partners, LLC shall hold $12,250.00 in funds from the closing of the sale of 2017 Partners real property—representing estimated quarterly fees due to the U.S. Trustee—in the IOLTA account of either Pendergraft & Simon, LLP or Tran Singh, LLP, pending the U.S. Trustee's review of 2017 Partners' monthly operating reports.

IT IS FURTHER ORDERED THAT after the date of this Order, this Court shall retain jurisdiction over these Chapter 11 Cases according to applicable law, including jurisdiction to interpret and enforce the provisions of the Confirmed Plan and this Order.

IT IS FURTHER ORDERED THAT:

1. All applications for the award of professional fees shall be submitted within 30 days of this Order.

2. All objections to proofs of claims shall be filed within the earlier of: (a) 30 days after the Effective Date of the Plan, or (b) 30 days after the filing of a proof of claim that is filed on, or before, the applicable Claims Bar Date.

3. The Debtor shall file all monthly reports and quarterly reports in accordance with Section VII(D) (page 16) of the Confirmed Plan until the case is closed.

**SO ORDERED.**

SIGNED 02/20/2024

_____
Jeffrey Norman
United States Bankruptcy Judge